# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>(5)  Carlos COSME,<br>(6)  Mario ESCAMILLA,<br>(8)  Fausto ESCAMILLA-CAMPOS,<br>(9)  Edgar Gustavo ESTRADA,<br>(10) Jesus Quinones MARQUEZ,<br>(11) Jose Antonio ORTEGA NUNO,<br>(16) Oscar Daniel MONTOYA MORA,<br>(17) Jorge Alberto RAMIREZ PONCE,<br>(19) Jonathan VALLE,<br>(20) Armando CASTILLO,<br>(21) Mikael Daniel BLASER,<br>(22) Enrique SALINAS, Jr.,<br>(23) Raul MORENO,<br>(24) Miguel SORIA,<br>(25) Perla Yadira FLORES,<br>(26) Luz Maria BENAVIDEZ MARTINEZ,<br>(27) Bridgette REYNOSO,<br>(28) Jorge Humberto LORA,<br>(29) Christopher Adrian RUIZ,<br>(30) Richard Gilbert FAVELA,<br>(31) Humberto MENDOZA-TORRES,<br>(32) Juan Carlos RIQUE AGUIRRE,<br>(38) Ulises VALENZUELA,<br>(41) Araceli VARELA,<br>(42) Rocio LOPEZ,<br>(43) Kevin LUIS,<br>                                    Defendants. | CASE NO. 10CR3044 WQH<br><br>ORDER |

HAYES, Judge:

The matters before the Court are substantive motions filed by Defendants.

On July 29, 2010, the federal grand jury returned a one-count indictment charging forty-three defendants with conspiring to conduct enterprise affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).  The indictment alleged that the defendants and "others known and unknown to the grand jury, were members and associates of an organization known as the 'Fernando Sanchez Organization' ('FSO'), whose members engaged in, among other things, murder, conspiracy to commit murder, attempted murder, kidnaping, conspiracy to kidnap, attempted kidnaping, robbery, conspiracy to commit robbery, attempted robbery, importation of controlled substances into the United States from Mexico, conspiracy to import controlled substances into the United States from Mexico, distribution of controlled substances, conspiracy to distribute controlled substances, money laundering and conspiracy to launder money."  ECF No. 82 at 3-4.

On April 28, 2011, the federal grand jury returned a two-count superseding indictment. The superseding indictment charges the forty-three defendants in Count One with conspiring to conduct enterprise affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) as charged in the original indictment.  The superseding indictment charges twenty-nine defendants in Count Two with conspiring to distribute cocaine, marijuana and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(vii), 841(b)(1)(A)(viii) and 846.  ECF No. 644.

Defendants were ordered to file substantive motions by August 29, 2011. ECF No. 565.

On September 21, 2011, the Court held a hearing on the motions with all counsel and all defendants present.  ECF No. 972.

**A. DISCOVERY ISSUES**

**Motions to disclose confidential informant**

Defendants move the Court for an order to disclose the identity of confidential informants.  Defendants seek an order requiring the Government to produce Confidential Informant #1 prior to trial for interview by defense counsel, and to disclose all potential impeachment information relevant to informants.  Defendant Escamilla further requests that the Court order the Government "to disclose immediately whether any co-defendants are

cooperating witnesses." ECF No. 866-1 at 1.

The Government states that the identity of Confidential Informant #1 and Confidential Informant #3 have been revealed in discovery. The Government contends that the Defendants have failed to make a legally sufficient showing to support their request for an order requiring further disclosure of the identity of confidential informants.

Based upon the record, the Court finds that an order to disclose further information regarding confidential informants and any cooperating witnesses is not required at this stage in the proceedings. Defendants have not met their burden to demonstrate the need for further disclosure. *See United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990).

Defendants' motions to disclose confidential informants are denied. (ECF No. 878, ECF No. 866, ECF No. 849-2 and 5, ECF No. 870-4, ECF No. 905).

**Motions to disclose co-defendant statements and all proffer statements**

For reasons stated in the order of this Court filed on March 29, 2011, the Court concludes that Defendants are not entitled to an order requiring the Government to provide co-defendant statements and proffer statements at this stage in the proceedings. ECF No. 613 at 3, 6. Defendants' motions to disclose co-defendant statements and proffer statements are denied. (ECF No. 849-4 and 6, ECF No. 870-5, ECF No. 877).

**Motions to disclose grand jury transcripts and instructions**

Defendants move the Court for an order to disclose grand jury transcripts and instructions in order to ensure that the indictment is legally viable. The Government contends that indictments are presumed properly brought and the Defendant has not demonstrated a particularized need for grand jury transcripts and instructions.

Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure provides that: "[t]he court may authorize disclosure - at a time, in a manner, and subject to any other conditions that it directs - of a grand jury matter... at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial

of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). In this case, Defendants have failed to demonstrate a "particularized and compelling need" for the disclosure of grand jury transcripts and instructions. *Conforte v. Commissioner of Internal Revenue*, 692 F.2d 587, 594 (9th Cir. 1982).

Defendants' motions to disclose grand jury transcripts are denied. (ECF No. 876, ECF No. 879, ECF No. 924).

**Other discovery motions**

Defendant Rameriz-Ponce has filed a second motion for discovery (ECF No. 861) identical to his initial filing (ECF No. 650) which remains pending on the record in this case. Defendant Rameriz-Ponce's motion to compel discovery (ECF No. 861) is denied.

Defendant Oscar Mora moves the Court for an order requiring disclosure of all co-defendant statements, all grand jury transcripts, disclosure of information regarding confidential informant #3, and expert witnesses and the basis for their opinions. (ECF No. 847). For the reasons, stated above this motion is denied as to all co-defendant statements, all grand jury transcripts, and disclosure of information regarding confidential informant #3. The Government is ordered to meet the expert witness requirements of Fed. R. Crim. P. 16(a)(1)G) by January 3, 2012. Defendant Oscar Mora's motion for further discovery (ECF No. 847) is denied.

**B. CHALLENGES TO THE SUPERSEDING INDICTMENT**

**Motions for bill of particulars**

Defendants Moreno, Rique Aguirre, Benavidez Martinez, and Escamilla-Campos move the court for an order requiring a bill of particulars on the grounds that the indictment does not sufficiently inform the Defendant of the charges.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may "direct the filing of a bill of particulars." Fed. R. Crim. P. 7(f). "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is [] unnecessary." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal citation omitted). Full discovery obviates the need for a bill of particulars. *Id.*

An indictment is a "plain, concise, and definite written statement of the essential facts constituting the offense charged...." Fed. R. Crim. P. 7(c)(1). "A legally sufficient indictment must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend, and to enable him to plead double jeopardy." *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985). "The test of sufficiency for the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (quotation and citation omitted).

The superseding indictment in this case adequately alleges the manner and means of the alleged offense and the overt acts provide further description of the alleged charges against the Defendants. The Court concludes that the charges in the superseding indictment are stated with sufficient clarity to apprise the Defendants of the charge against which they must defend and to enable them to plead double jeopardy. The Court concludes that there are no facts or circumstances which would require a bill of particulars.

Defendants' motions for bill of particulars are denied. (ECF No. 857-1, ECF No. 859, ECF No. 880, ECF No. 925).

**Motions to strike surplusage**

Defendants Marquez and Rique Aguirre move the Court for an order to strike surplusage from the superseding indictment on the grounds that certain paragraphs contain prejudicial allegations.

Rule 7(d) of the Federal Rules of Criminal Procedure provides that the "court may strike surplusage from the indictment...." Fed. R. Crim P. 7(d). "The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988) (quotation omitted). The Court concludes that there are no facts or circumstances which would require striking allegations from the indictment at this stage in the proceedings.

Defendants' motions to strike surplusage from superseding indictment are denied. (ECF No. 856, ECF No. 873).

10cr3044WQH

**Motions to dismiss Count Two on grounds of duplicity**

Defendants Moreno, Soria, and Castillo move the Court for an order dismissing Count Two of the superseding indictment on the grounds of duplicity. Defendant Moreno and Soria assert that Count Two encompasses two or more distinct or separate offenses. Defendant Castillo asserts that Count Two improperly combines conspiracies to distribute methamphetamine, marijuana, and cocaine in a single count.

Count Two of the superseding indictment charges that the named defendants knowingly conspired together beginning in November 2008 and continuing up to July 22, 2010 to distribute cocaine, marijuana, and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In reviewing an indictment for duplicity, the court "look[s] to the indictment itself to determine whether it may fairly be read to charge but one crime in each count." *United States v. Morse*, 785 F.2d 771, 774 (9th Cir. 1986). The "task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Martin*, 4 F.3d 757, 759 (9th Cir. 1993). To establish the existence of a single conspiracy, "the basic test is whether there was one overall agreement to perform various functions to achieve the objectives of the conspiracy." *United States v. Arbelaez,* 719 F.2d 1453, 1457 (9th Cir. 1983) (quotation and citation omitted). Count Two of the Superseding Indictment properly charges a single conspiracy to distribute controlled substances in violation of §§ 841 and 846 with multiple objectives of the conspiracy.

Defendants' motions to dismiss Count Two for duplicity are denied. (ECF No. 857-4, ECF No. 884-1, ECF No. 898-7).

**Motions to dismiss Count One as duplicitous**

Count One of the superseding indictment charges that the named Defendants knowingly and intentionally conspired together and with each other to conduct the affairs of a criminal enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). The indictment alleges that all defendants belonged to a single criminal enterprise which "constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the Enterprise." ECF No. 644 at 4. The Court

concludes that Count One properly charges a single racketeering conspiracy in violation of 18 U.S.C. § 1962(d). *See United States v. Fernandez*, 388 F.3d 1199, 1226, fn 18 (9th Cir. 2004) ("The several conspiracies that were predicate acts for the substantive RICO violations of § 1962(c) were also evidence of the overall § 1962(d) conspiracy to violate RICO. What matters for a sufficiency of the evidence inquiry is that there was adequate proof of an overall conspiracy to participate, directly or indirectly, in the conduct [of the enterprise] through a pattern of racketeering activity.")

Defendants' motions to dismiss Count One are denied. (ECF No. 884-1, ECF No. 857-3).

**Motions to sever counts**

The Court concludes that joinder of Count One and Count Two of the Superseding Indictment is proper under Fed. R. Crim. P. 8(b). The Superseding Indictment properly joins the RICO charge in Count One with a conspiracy offense in Count Two that includes the predicate acts underlying the racketeering charge.

Defendants' motion to sever counts are denied. (ECF No. 898-4, ECF No. 846).

**Motion to dismiss for grand jury violations**

Defendant Soria moves the Court to dismiss the indictment on the grounds that the Southern District of California is in substantial violation of the Jury Selection and Service Act of 1968 ("the Act"), that the Southern District of California is in violation of the Fifth Amendment's guarantee of equal protection of the laws, and that the Southern District of California is in violation of the Sixth Amendment's guarantee that juries be selected from a fair cross section of the community. Defendant asserts: 1) that the failure to supplement the jury source list has resulted in under representation of African-American and Hispanic citizens, 2) that the continued use of Question 4 on the Juror Qualification Questionnaire results in the over exclusion of Hispanic citizens, 3) that the failure to return questionnaires to prospective jurors who omit required information on race and ethnicity violates the Act, and 4) that the Southern District's repeated failure to keep representativeness statistics is circumstantial evidence of purposeful discrimination.

On March 25, 2011, United States District Court Judge Barry Ted Moskowitz issued

an order denying the Defendant's motion to dismiss in *United States v. Hernandez-Estrada*, 10cr558 BTM. (ECF No. 98). Defendant in *Hernandez-Estrada* asserted the same challenges that Defendant asserts in this case to an indictment returned by the grand jury drawn from the same 2009 grand jury wheel. For the reasons stated by Judge Moskowitz in *Hernandez-Estrada*, this Court finds that the Defendant has not established a substantial violation of the Act or a violation of his constitutional rights. This Court adopts the March 25, 2011 order filed in *Hernandez-Estrada* (ECF No. 98) in its entirety.

Defendant Soria's motion to dismiss (ECF No. 887) is denied.

**Motion to dismiss for false summaries to grand jury**

Defendant Jesus Quinonez Marquez moves the Court to dismiss the indictment against him pursuant to the Due Process Clause to the Fifth Amendment and the Court's inherent supervisory powers. Defendant requests that the Court compare transcripts of actual wire-tapped conversations to the overt acts alleged in the superseding indictment and dismiss the charge against him in Count One of the superseding indictment on the grounds that the grand jury was misled by the presentation of false and misleading summary testimony.

The Court has reviewed the transcripts of actual conversations in which the Defendant was a participant and the overt acts alleged in the superseding indictment. The Court concludes that there is no evidence in this record to support the conclusion that the grand jury was misled by the presentation of false and misleading summary testimony. *See* ECF No. 816 at 19.

Defendant's motion to dismiss the indictment (ECF No. 897) is denied.

**C. CHANGE OF VENUE**

Defendant Moreno moves the Court for an order transferring venue to the Central District of California on the grounds that pretrial publicity negates the ability for him to receive a fair trial in the Southern District of California.

Defendant has made no showing that pretrial publicity in this case "is so pervasive and inflammatory that the jurors cannot be believed when they assert that they can be impartial." *United States v. Croft*, 124 F.3d 1109, 1115 (9th Cir. 1997). The record shows minimal press coverage since the Indictment in July of 2010 and the trial is not scheduled to begin until

February of 2012.

Defendant's motion for change of venue (ECF No. 857-7) is denied.

## D. SEVERANCE OF DEFENDANTS

Defendants Ortega Nuno, Mora, Cosme, Mendoza-Torres, Moreno, Rique Aguirre, Salinas, Flores, Benavidez Martinez, Soria, and Castillo move the Court for an order to sever their trial from the trial of co-defendants. Defendants contend that a joint trial will result in prejudice from the link to multiple conspiracies, and the taint from the presentation of overt acts of other members of the alleged enterprise. Defendants assert that a joint trial will prevent them from advancing mutually exclusive defenses, prejudice their ability to elicit favorable testimony from co-defendants, and violate their right to confrontation when the Government seeks to introduce hearsay statements from an accomplice.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). In *Fernandez*, 388 F.3d at 1241, the Court of Appeals explained:

> Inquiry into the prejudicial effect of a joint trial involves consideration of several factors, including: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether Appellants could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Id*. at 1241.

In this case, the superseding indictment charges all Defendants with a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). The superseding indictment alleges that all Defendants are members of the Fernando Sanchez Organization, constituting an enterprise as defined by Title 18, United States Code Section 1961(4). The superseding indictment alleges that "[t]he enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the Enterprise." ECF

No. 644 at 4. At trial, the Government will be required to prove that the Fernando Sanchez Organization is an "association-in-fact" enterprise, and that a conspiracy existed to conduct the affairs of the enterprise through a pattern of racketeering activity. *See United States v. Turkette*, 452 U.S. 576, 583 (1981). "A pattern of racketeering activity, in turn, requires at least two predicate acts...." *Fernandez*, 388 F.3d at 1221. "Two predicate acts are necessary, but not sufficient, to prove a violation of § 1962(c): the pattern element also requires proof of 'relatedness' and 'continuity.'" *Id.* at fn 11. In this case, the Government is entitled to prove the overt acts of the alleged Fernando Sanchez Organization at trial regardless of which Defendants are before the jury. The Court concludes that the Defendants are not entitled to severance at this stage in the proceedings based upon claim of prejudice or taint from the presentation of evidence of the overt acts allegedly engaged in by other Defendants. The Court further concludes that there has been no showing that any co-defendant will offer exculpatory testimony or that severance is required in order to comply with *Bruton v. United States.*

Defendants' motions to sever are denied at this stage in the proceedings. (ECF No. 840, ECF No. 846, ECF No. 849-1, ECF No. 852-8, ECF No. 857-5, ECF No. 860, ECF No. 862, ECF No. 867, ECF No. 870-1, ECF No. 875, ECF No. 884-3, ECF No. 898-3).

## E. SUPPRESS STATEMENTS

Defendants Mora, Mendoza-Torres, Moreno, Rameriz Ponce, and Flores move the Court to suppress post-arrest, post-*Miranda* statements on the grounds that the Government must show compliance with *Miranda*.[1] The Government asserts that Defendants Mora, Mendoza-Torres, Moreno, Rameriz Ponce, and Flores voluntarily waived *Miranda* rights in writing and have failed to attach any declaration disputing any material fact. The Government has submitted the written waivers signed by each of these Defendants stating that Defendant was advised of each *Miranda* right, and consented to the waiver of each of these rights in writing.

The Government bears the burden of proving waiver of *Miranda* rights "by a

---

[1]The Government states in its response that "Defendants Cosme and Soria invoked their *Miranda* rights and did not make statements... [and that] it does not intend to introduce Defendant Castillo or Luis' post arrest statements." ECF No. 931 at 68. These motions will be denied as moot.

preponderance of evidence." *Colorado v. Connelly*, 479 U.S. 157, 168 (1986) ("The voluntariness of a *[Miranda]* waiver [] depend[s] on the absence of police overreaching."). The Court concludes that the evidence in the record is sufficient to show by a preponderance that each of these Defendants were advised of each *Miranda* right, and consented to the waiver of each of these rights in writing.

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). Only Defendant Torres Mendoza sets forth any facts and circumstances surrounding the case related to the valid waiver of *Miranda* rights. Defendant Torres Mendoza contends that the validity of his *Miranda* waiver was influenced by an agent's "factually accurate" response, "that a lawyer would not be appointed until Mr. Mendoza appeared before a judge." ECF No. 852-1 at 15. Defendant relies upon the following exchange which took place after Detective Aguilar informed the Defendant that he had a right to have an attorney present during any questioning and before the Defendant signed the *Miranda* waiver.

> Detective Aguilar: Do you want to talk with us now, without an attorney?
> Mendoza-Torres:   What is the difference?
> Detective Aguilar: Well the difference is that one has their attorney present and he can speak with us at that point. The attorney won't be appointed until we appear before a judge now, what I want to know is the story; about what, how everything happened. If you are willing to speak with me, I am here to ask you the questions that have for you. But what I want to know is if you want to speak with me.
> Mendoza-Torres:     It's ok.

ECF 852-1 at 2. The Court finds that Detective Aguilar accurately explained the procedure for appointment of counsel. The question and answer stated above does not provide any basis to suggest that the Defendant's waiver of his *Miranda* rights was anything other than knowing and voluntary.

There are no facts or circumstances raised by any Defendant which would cast any doubt upon the validity of the written waivers of *Miranda* rights. *See United States v. Howell*, 231 F.3d 616, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); Local Criminal Rule

47.1 g.1. ("Criminal motions requiring a predicate factual finding must be supported by declarations."). Defendants' motions to suppress statements are denied. (ECF No. 848, ECF No. 849-3, ECF No. 852-10, ECF No. 857-6, ECF No. 870-2, ECF No. 884-2, ECF No. 898-6, and ECF No. 905).[2]

## F. OTHER MOTIONS

**Defendant Miguel Soria motion to reconsider ECF No. 896**

Defendant Soria moves the Court to reconsider the order filed on August 24, 2011 denying the Defendant's motion to suppress evidence derived from the state court wiretaps filed, "specifically footnote regarding Defendant Soria's standing." ECF No. 896 at 2.

In the August 24, 2011 order at page 4, the Court stated in Foonote 1, "Defendant Soria does not address his standing to challenge the interceptions pursuant to the state court orders." ECF No. 816 at 4. Defendant asserts that he addressed standing to challenge the state wiretaps in a subsequent Notice of Joinder (ECF No. 706). The Court concludes that reconsideration is not required. The Court addressed the substantive challenges to the state wiretap made by the Defendant. The August 24, 2011 order was not based in any manner on a lack of standing. Defendant Miguel Soria motion to reconsider (ECF No. 896) is denied.

## G. TRIAL SCHEDULING

The Government is ordered to file a pleading no later than December 2, 2011 setting forth a proposed grouping of Defendants for trial in the event that more than one trial will be required in this case. Defendants shall file any response to the Government's proposed grouping of Defendants for trial no later than December 10, 2011. The Court will determine the order of trial. All Defendants and the Government shall continue to prepare for trial on February 2, 2011. Any second trial will begin forthwith at the conclusion of the first trial.

## H. CONCLUSION

**IT IS HEREBY ORDERED as follows:**

Defendant Benavidez Martinez's motion to disclose confidential informants (ECF No. 878) is denied.

---

[2]Defendant Jose Antonio Ortega-Nuno to suppress pre-*Miranda* statements (ECF No. 781) remains pending.

1  Defendant Escamilla's motion disclose confidential informants (ECF No. 866) is denied.

2  Defendant Benavidez Martinez's motion to compel (ECF No. 877) is denied.

3  Defendant Benavidez Martinez's motion to disclose grand jury transcripts (ECF No. 876) is

4  denied.

5  Defendant Benavidez Martinez's motion to disclose grand jury instructions (ECF No. 879) is

6  denied.

7  Defendant Escamilla-Campos's motion for discovery and instructions to the grand jury (ECF

8  No. 924) is denied.

9  Defendant Rameriz Ponce's motion to compel discovery (ECF No. 861) is denied.

10  Defendant Mora's motion for further discovery (ECF No. 847) is denied.

11  Defendant Rique Aguirre's motion for bill of particulars (ECF No. 859) is denied.

12  Defendant Benavidez Martinez's motion for bill of particulars (ECF No. 880) is denied.

13  Defendant Fausto Escamilla-Campos's motion for bill of particulars (ECF No. 925) is denied.

14  Defendant Quinonez Marquez's motion to strike surplusage (ECF No. 856) is denied.

15  Defendant Rique Aguirre's motion to strike surplusage (ECF No. 873) is denied.

16  Defendant Montoya Mora's motion to sever (ECF. No. 846) is denied.

17  Defendant Soria's motion to dismiss (ECF No. 887) is denied.

18  Defendant Quinonez Marquez's motion to dismiss the indictment (ECF No. 897) is denied.

19  Defendant Ortega Nuno's motion to sever defendants (ECF No. 840) is denied.

20  Defendant Juan Rique Aguirre's motion to sever (ECF No. 860) is denied.

21  Defendant Enrique Salinas's motion to sever (ECF No. 862) is denied.

22  Defendant Benavidez Martinez's motion to sever (ECF No. 875) is denied.

23  Defendant Oscar Mora's motion to suppress statements (ECF No. 848) is denied.

24  Defendant Rameriz Ponce's motion to suppress statements (ECF No. 867) is denied.

25  Defendant Cosme's motions (ECF No. 849) are denied.

26  Defendant Mendoza-Torres's motions (ECF No. 852) are denied.

27  Defendant Moreno's motions (ECF No. 857) are denied.

28  Defendant Flores's motions (ECF No. 870) are denied.

Defendant Soria's Motions (ECF No. 884) are denied.

10cr3044WQH

1   Defendant Armando Castillo's motions ECF No. 898-3 through 10 are denied; ECF No. 898-1

2   and 2 remain pending.

3   Defendant Kevin Luis's motions (ECF No. 905) are denied.

4   Defendant Soria's motion to reconsider (ECF No. 896) is denied.

5   DATED:  November 2, 2011

6                                            _William Q. Hayes_____
                                             **WILLIAM Q. HAYES**
7                                            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cr3044WQH