Case 3:10-cr-03044-WQH   Document 2665   Filed 01/23/25   PageID.16313   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| CARLOS COSME (5) ) | Case No: 10cr3044-WQH-5 |
| ) | USM No: |
| Date of Original Judgment: 07/01/2013 ) | |
| Date of Previous Amended Judgment: ) | |
| *(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant was sentenced to 262 months in the custody of the Bureau of Prisons for conspiracy to conduct enterprise affairs through a pattern of racketeering activity and conspiracy to distribute cocaine, marijuana, and methamphetamine in violation of 18 U.S.C. § 1962(d) and 21 U.S.C. § 841. Defendant now moves for a reduced sentence under 18 U.S.C. § 3582(c)(2) as a result of the U.S. Sentencing Commission's amendments to USSG § 4C1.1, known as the "zero-point offender" provision. (ECF No. 2631.) However, Defendant does not qualify for a reduction under § 4C1.1(a)(4) because Defendant admitted in his plea agreement and the Court found at sentencing that Defendant participated in offense conduct that involved murder and conspiracy to commit murder. (See ECF No. 1703 at 6-8; ECF No. 1845 at 10-11.) Moreover, even if the zero-point offender provision applied, Defendant's custodial guideline range would then be 210 to 262 months and the Court would continue to find that a custodial sentence of 262 months would be appropriate. Although Defendant had no prior criminal history and has taken classes in custody and has submitted letters of recommendation, the Court finds that Defendant's conduct in the offense was particularly aggravated, including exploiting his position as a retired law enforcement officer to further the interests and activities of a violent criminal enterprise and betraying his former colleagues in law enforcement by providing a cooperator with a roster of police officers after being told that the cooperator intended to murder one of them. As discussed more fully in the November 14, 2019 Order denying a previous motion for sentence reduction filed by Defendant (see ECF No. 2447 at 8-11), the Court continues to find that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct under 18 U.S.C. § 3553(a) continues to support the sentence imposed. The 262-month custodial sentence is sufficient but not greater than necessary to comply with the purposes set forth in § 3553. The Motion for Reduction in Sentence is denied. (ECF No. 2631.)

Except as otherwise provided, all provisions of the judgment dated 07/01/2013 shall remain in effect.
**IT IS SO ORDERED**.

Order Date:   1/23/25

*Judge's signature* William Q. Hayes

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*